# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WARREN EASTERLING, | : | |
| Plaintiff, | : | Case No. 3:14cv00199 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| BARBARA GORMAN, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.   Introduction

Plaintiff Warren Easterling, a resident of Dayton, Ohio, brings this case pro se claiming that Judge Barbara Gorman violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Judge Gorman presides in the Montgomery County, Ohio Court of Common Pleas.

The Court previously granted Easterling's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is presently before the Court for a *sua sponte* review to determine whether his Complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

relief against an immune defendant. *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 Fed. App'x 558, 559-60 (6th Cir. 2013).

## II.     Background

Before this case began, two notable things happened to Easterling:  His employer Croswell Bus Lines terminated him from his position as a bus driver, and he unsuccessfully challenged his termination in a case he in the brought Ohio courts. Easterling's state-court case ended when Judge Gorman granted summary judgment in favor of Croswell Bus Lines.  Believing Judge Gorman's decision violated his federal statutory and constitutional rights, Easterling turned to this Court by previously filing a case against Judge Gorman: *Warren Easterling v. Barbara Gorman*, 3:14cv00096 (*Easterling I*).  In his previous federal case, Easterling asserted that Judge Gorman's decision to grant Croswell Bus Lines' Motion for Summary Judgment was incorrect because genuine issues of material fact existed.  This error by Judge Gorman, in Easterling's view, violated 42 U.S.C. § 1985, 18 U.S.C. § 241, and his rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

On June 9, 2014, this Court concluded that absolute judicial immunity barred Easterling's claims for money damages against Judge Gorman and that his claims for non-monetary relief against her were untimely.  As a result, the Court dismissed *Easterling I* under 28 U.S.C. § 1915(e)(2)(B), and the Clerk of Court entered Judgment against him. (3:14cv00096: Doc. #3 PageID at 110-13; Doc. #s 5, 6).

In the present case, Easterling maintains that this Court's judgment in *Easterling I*

"is void and **the Complaint is being re-filed** for the following reasons ...." (Doc. #3, PageID at 87 (emphasis added; capitalization omitted). He then presents two main reasons why he disagrees with this Court's decision in *Easterling I*:

1. The case and controversy clause of the U.S. Constitution prohibits any court from issuing decisions on cases unripe for decision where the instant case was never served to the defendant.

2. Where the court claims that the Plaintiff's title 42 U.S.C. §1985 claims are barred by the two year statute of limitations, the Plaintiff included in his objections specific evidence proving inequitable circumstances where 1) the defendant took affirmative steps to conceal the plaintiff's cause of action despite exercising due diligence citing *Jarret v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992).

(Doc. #3, PageID at 87).

In addition, Easterling's present Complaint raises claims against Judge Gorman concerning her summary-judgment decision in his prior state case. He concludes his Complaint with the following:

FEDERAL QUESTION #1

Did the [Ohio] court as presided over by the Respondent [Judge Gorman] ... violate the Petitioner's rights under Civ. R. 56 and the Fourteenth Amendment when the Respondent granted summary judgment, to defendant Croswell Bus Lines, when there were no un-controverted facts of which no genuine issues existed when all evidence and affidavits were examined by the court where the violation of Rule 56 confirms the violation of title 42 U.S.C. 1985[?]

(Doc. #3, PageID at 97). Easterling seeks an Order answering this question, reversing Judge Gorman's decision in his prior state case, and granting him "leave to participate in the case if necessary due to the Petitioner being declared a vexatious litigator in

3

accordance with 2323.52 of the Ohio Revise Code." (Doc. #3, PageID at 97).

### III. Applicable Standards

A Complaint may be dismissed as frivolous under §1915(e)(2) "only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F. 3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A Complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923. A Complaint lacks arguable facts when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

### IV. Analysis

Easterling's Complaint does not raise fantastic or delusional facts; it instead concerns an actual case he previously filed in this Court (*Easterling I*) and Judge Gorman's decision in his previous state-court case. *See Jones v. Schmaker*, 1999 WL 1252870 at *1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners any access to legal texts. (citing *Lawler*, 898 F. 2d at 1198-99)); *cf. Iqbal*, 556 U.S. 662, 696 129 (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's

4

recent trip to Pluto, or experiences in time travel.").

Accepting Easterling's allegations as true and liberally construing his *pro se* Complaint in his favor, the claims he asserts against Judge Gorman are subject to dismissal due to the preclusive effect of this Court's prior decision in *Easterling I*.[2]

Federal law applies to determining whether this Court's prior decision in *Easterling I* triggers the doctrine of res judicata, thus barring Easterling's present Complaint. *See Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007). "Res judicata extinguishes 'all rights of the plaintiff to remedies against the defendant with respect to all or any part or [sic] the transaction, or series of connected transactions, out of which the action arose.'" *Walker v. Gen. Tel. Co.*, 25 Fed. App'x 332, 336 (6th Cir. 2001) (quoting, in part, *J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 215 (6th Cir. 1996)); *see Hamilton's Bogarts, Inc.*, 501 F.3d at 650. Four elements constitute the doctrine of res judicata (also referred to as claim preclusion): "(1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is

---

[2] "The United States Supreme Court as well as the United States Sixth Circuit [Court] of Appeals have indicated that a court may take the initiative to assert the *res judicata* defense *sua sponte* in 'special circumstances' such as when the district court decided the original case." *Sessler v. Crawford Cnty. Child Support Enforcement Agency*, 1:14-CV-0058, 2014 WL 3014513 (N.D. Ohio July 3, 2014) (citing *Arizona v. California,* 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale County, Tennessee,* 326 F.3d 747, 757 (6th Cir. 2003); *Holloway Constr. Co. v. United States Dep't of Labor,* 891 F.2d 1211, 1212 (6th Cir. 1989)).

identity of claims." *Walker*, 25 Fed. App'x at 336 (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

Each of these elements are satisfied in the present case. First, this Court acted as a court of competent jurisdiction in *Easterling I* by exercising its federal-question jurisdiction to issue a final decision on the merits of Plaintiff's claims against Judge Gorman. *See* 28 U.S.C. §1331. Second, the present case involves the same parties, Easterling and Judge Gorman, present in *Easterling I*. Third, Easterling's instant Complaint raises the same facts and issues that he actually litigated, or should have litigated, in *Easterling I*. Easterling acknowledges this, at least implicitly, by stating in his present Complaint that his *Easterling I* "Complaint is being re-filed ...." (Doc. #3, PageID at 87 (capitalization removed)). Fourth, a comparison of Easterling's present Complaint with his Complaint in *Easterling I* reveals the existence of the same facts and causes of action and, therefore, "[a]n identity of the causes of action...." *Sanders,* 973 F.2d at 480 (citation omitted); *see Walker*, 25 Fed. App'x. at 336 ("Identity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'"). For these reasons, res judicata extinguishes all of Easterling's rights to remedies in this Court against Judge Gorman arising from her decision to grant Croswell Bus Lines' Motion for Summary Judgment. *See Walker,* 25 F. App'x at 336 (and cases cited therein).

Turning briefly to the related but narrower doctrine of collateral estoppel, Easterling's present Complaint is likewise barred. "The doctrine of collateral estoppel

6

dictates that 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987) (quoting, in part, *Allen v. McCurry,* 449 U.S. 90, 94 (1980)); *see Hamilton's Bogarts, Inc.*, 501 F.3d at 650. Easterling presently asserts the same issues that he asserted and actually litigated in *Easterling I*, and he had a full and fair opportunity to litigate those issues in *Easterling I*. The Court's prior determination of those issues in *Easterling I* was necessary to the filing of the judgment on the merits against Easterling. For these reasons, collateral estoppel precludes Easterling from re-litigating those issues in the present case. *See Hamilton's Bogarts, Inc.*, 501 F.3d at 650-51.

Accordingly, for the above reasons, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Warren Easterling's Complaint be DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e)(2);

2. The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal, if any, would not be taken in good faith; and

3. The case be terminated on the docket of this Court.


July 25, 2014

                                                   s/Sharon L. Ovington
                                                         Sharon L. Ovington
                                         Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).